**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ELIZABETHANN LITTLE,** | ) | Case No. 1:17-CV-01756 |
| | ) | |
| Plaintiff, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Acting Comm'r of Soc. Sec., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg. The Report and Recommendation (ECF #15), issued on June 4, 2018 recommends the Commissioner's final decision be VACATED and the case REMANDED for further proceedings. On June 7, 2018 the Government filed its response to the Magistrate Judge's Report and Recommendation, indicating it would not be filing objections. (ECF #16).

I. STANDARD OF REVIEW

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to the report. Whereas here, no timely objection was filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. FED. R. CIV. P. 72 advisory committee's notes (citation omitted). However, "the Social Security Act authorizes narrow judicial review of the final decisions of the Social Security Administration (SSA)." *Reynolds v. Comm'r Soc. Sec.*, 2011 WL

1228165 at *2 (6th Cir. April 1, 2011). This review is limited to determining whether the Commissioner's decision is (1) supported by substantial evidence and (2) made pursuant to proper legal standards. *See Ealy v. Comm'r of Soc. Sec.*, 572 F.3d 504, 512 (6th Cir. 2010). The court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence when determining whether an ALJ's findings are supported by substantial evidence. *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

## II. ANALYSIS

Plaintiff raised three objections to Commissioner's final decision denying Plaintiff Period of Disability ("POD") and Disability Insurance Benefits ("DOB"): (1) that the Administrative Law Judge ("ALJ") failed to articulate "good reasons" for discounting the opinions of her treating physicians, specifically Dr. Nickels and Dr. Vazquez, (2) that the ALJ's credibility determination is not supported by substantial evidence, and (3) that the ALJ erred by failing to address all supported limitations in his RFC analysis.

Regarding Plaintiff's first objection, a treating source opinion must be given "controlling weight" if such opinion is (1) "well supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "not inconsistent with the other substantial evidence in [the] case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 372 (6th Cir. 2013). The ALJ must provide "good reasons" for discounting the opinion of a treating source opinion that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight" if the ALJ determines that the treating source opinion is not entitled to controlling weight. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting SSR 96-2p, 1996 WL 374188 at *5). The Sixth

Circuit has held that an ALJ's failure to articulate "good reasons" for discounting a treating physician's opinion "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers*, 486 F.3d at 243.

Magistrate Judge Greenberg determined that the ALJ failed to give "good reasons" for rejecting both Dr. Nickels and Dr. Vazquez's opinions as treating physicians. The record reflects that Dr. Nickel's opinion was capable of showing that Plaintiff had disabling limitations during the relevant time period and that it is consistent with the medical evidence. The ALJ rejected Dr. Vazquez's opinion on the basis that it was inconsistent with Plaintiff's ability to manage household chores and tasks. However, the ALJ failed to reconcile this finding with Plaintiff's own statements articulating her need for substantial amounts of help to complete household chores and the medical evidence indicative of Plaintiff's high levels of pain. Due to the finding that the ALJ failed to set forth "good reasons" for rejecting the treating physicians' opinions, a remand is necessary to allow the ALJ the opportunity to properly address these opinions.

Magistrate Judge Greenberg further determined that the Court need not address Plaintiff's second and third assignments of error. However, the ALJ should reevaluate Plaintiff's credibility and the medical evidence relating to Plaintiff's physical and mental impairments on remand.

III. CONCLUSION

The Court has carefully reviewed the Report and Recommendation and agrees with the findings set forth therein. The Report and Recommendation of Magistrate Judge Greenberg (ECF

#15) is ADOPTED. The decision of the Commissioner is VACATED and the case is REMANDED for further proceedings consistent with the Report and Recommendation.

    IT IS SO ORDERED.


                                            *Donald C. Nugent*
                                            DONALD C. NUGENT

                                            United States District Judge


DATED:    July 12, 2018